(No. 74-CV-60—)

SARAH LEE CATO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 15, 1975.*

SARAH LEE CATO, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on November 17, 1973, at 7423 South Evans, Chicago. Sarah Lee Cato seeks payment of compensation pursuant to the provisions of the "Crime Victims Com-

pensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant, Sarah Lee Cato, age 52, was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-3.)*

2. That on November 17, 1973, at approximately 4:30 p.m., the claimant was entering her home when an unidentified man grabbed her from behind, pulled her down the porch stairs and fled with her purse. The claimant's husband heard her scream for help, assisted her into the house and called the police.

A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance by viewing

suspect photos. That claimant was unable to identify assailant and that no arrests have been made in connection with this criminal offense.

5. That the claimant and her assailant were not related nor sharing the same household.

6. That, as the result of her injuries, the claimant was hospitalized at Jackson Park Hospital where she underwent surgery for the repair of a compound dislocation of the left 1st and 2nd tarsal metatarsal joints. All of the expenses that she incurred for this treatment have been or will be paid by claimant's insurance companies, Aetna Casualty and Blue Cross/Blue Shield.

7. That the claimant was employed by the Board of Education as a lunchroom attendant at the rate of $413 per month. She was disabled as the result of this injury from November 17, 1973, to September 5, 1974. The claimant's employment, however, would have ended with the close of school on June 15, 1974. Therefore, she was off of work a total of 7 months. At the rate of $413 per month, her loss of earnings was $2,891.00. She received disability benefits in the amount of $1,158.42. Her loss of earnings, less disability benefits, is $1,732.58 which is less than the statutory maximum.

8. That as all of the claimant's medical expenses will be covered by private insurance, claimant is limited in her recovery to her loss of earnings less the disability benefits which she received. That claimant's pecuniary loss is $1,732.58.

9. That pursuant to §7(d) of the Act, $200 must be deducted from claimant's pecuniary loss. That after the statutory deduction of $200.00, the amount of compensation to which the claimant is entitled is $1,532.58.

IT IS HEREBY ORDERED that the sum of $1,532.58 be awarded the claimant, Sarah Lee Cato, the victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY-NINE DOLLARS AND NINETY-NINE CENTS) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $532.59 be referred forthwith to the General Assembly for its approval.